UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL VINCENT and JENNIFER
C. VINCENT                                                                                        PLAINTIFFS

v.                                                                   CIVIL ACTION NO. 3:16cv169-DPJ-FKB

HOME DEPOT, U.S.A., INC. and
DAMON DERRELL JONES                                                              DEFENDANTS

ORDER

This removed diversity case is before the Court on Plaintiffs' Motion to Remand [6] and Defendant Home Depot U.S.A., Inc.'s ("Home Depot") Motion for Stay Pending Discovery on Remand and for Extension of Defendant's Deadline to File Memorandum in Opposition to Motion to Remand [7]. But before addressing those issues, the Court's *sua sponte* review suggests that jurisdiction may be lacking for a reason neither party addresses. As discussed below, Home Depot's improper-joinder argument may rely on a common defense to its own liability. *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 571 (5th Cir. 2004) (en banc) ("*Smallwood II*"). This issue should be addressed before the Court rules on Home Depot's request for remand-related discovery or Plaintiffs' motion to remand.[1]

I.    Facts and Procedural History

This case is the second of two civil actions now pending before the Court arising from the August 5, 2014 delivery of building supplies that Plaintiffs Michael and Jennifer Vincent purchased from Home Depot. Plaintiffs allege that Defendant Damon Jones, the Home Depot

---

[1]Plaintiffs have not raised the common-defense rule, but because its applicability goes to the Court's subject-matter jurisdiction, the Court must consider it *sua sponte*. *See Gonzales v. Thaler*, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.").

delivery driver, negligently drove the Home Depot truck into Plaintiffs' garage, causing a fire that destroyed the garage and resulted in property damage. Plaintiffs also allege that the impact caused Michael Vincent, who was on the roof of the garage at the time of the accident, to sustain serious physical injuries.

Plaintiffs filed their first lawsuit in this Court on July 28, 2015. *See Vincent v. Home Depot, U.S.A., Inc.*, No. 3:15cv542-DPJ-FKB (*Vincent I*). In *Vincent I*, Plaintiffs asserted claims against Home Depot only. After the December 18, 2015 deadline for motions to join parties passed in *Vincent I*, Plaintiffs filed the instant lawsuit in Warren County Circuit Court on February 5, 2016 (*Vincent II*). In this case, Plaintiffs assert the same causes of action arising out of the same accident, but here they name both Home Depot and Jones as Defendants.

On March 4, 2016, Home Depot timely removed *Vincent II* to this Court, asserting that Jones, a citizen of Mississippi, was improperly joined to defeat diversity jurisdiction. In particular, Home Depot notes:

> the entirety of Plaintiffs' claim against Damon Jones is premised on the allegation that he was operating in the course and scope of his employment with Home Depot at the time of the alleged incident; there is no allegation of his own independent liability. Thus, the sole allegations against Damon Jones are derivative of the claims against Home Depot.

Notice of Removal [1] ¶ IX (citations omitted).

Aside from the fact that this flips traditional notions of derivative liability between employer and employee, Home Depot's description of the Complaint is plainly inaccurate. The Complaint states that Jones "negligently collided with the Garage, proximately causing or proximately contributing to" cause Plaintiffs' injuries. Compl. [1-1] ¶ 10. And when asserting their "Statement of Claims," Plaintiffs aver that "Jones breached his duty to use reasonable care

2

while delivering" for Home Depot.  *Id.* ¶ 31; *see also id.* ¶ 37 (asserting claim that Jones "was grossly negligent").

Plaintiffs observed all this in their motion to remand, arguing that they have stated a plausible claim against Jones who is therefore properly joined.  Instead of filing a response to Plaintiffs' motion, on April 7, 2016, Home Depot filed its motion for a stay and an extension.  But neither motion should be considered until the *Smallwood II* issue is addressed.

II.     Analysis

Home Depot premises federal jurisdiction on 28 U.S.C. § 1332, under which the district court has jurisdiction over civil actions between "citizens of different States."[2]  28 U.S.C. § 1332(a)(1).  The statute requires complete diversity between all named plaintiffs and all named defendants.  *E.g.*, *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

The improper joinder rule "is a narrow exception to the rule that diversity jurisdiction requires complete diversity."  *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003).  Improper joinder can be established by showing the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).  In evaluating a claim of improper joinder, the "appropriate test is whether there is any reasonable basis for predicting the plaintiffs might be able to recover against . . . the in-state defendant."  *Jones v. Gen. Motors Corp.*, No. 3:06cv608-DPJ-JCS, 2007 WL 1610478, at *1 (S.D. Miss. June 1, 2007) (quoting *Love v. Ford Motor Co.*, 212 F. App'x 292, 294 (5th Cir. 2006)) (internal quotation marks omitted).

---

[2]The amount-in-controversy requirement of 28 U.S.C. § 1332 is not in dispute.

A district court should generally resolve an improper-joinder claim by conducting a Rule 12(b)(6)-type analysis. *Smallwood II*, 385 F.3d at 573. "If a plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim, there is ordinarily no improper joinder." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016). But when "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood II*, 385 F.3d at 573.

Here, Home Depot asks for a stay and an extension so that it may conduct jurisdiction-related discovery before responding to Plaintiffs' motion to remand. In particular, Home Depot believes Plaintiffs may have colluded with Jones to scam Home Depot. *See* Def.'s Mem. [8] at 3. Home Depot therefore seeks discovery to "reveal the existence of" a relationship "between Plaintiffs and Jones that . . . would prevent Plaintiffs from pursuing a tort action against Jones." Def.'s Rebuttal [14] at 3. Assuming discovery would uncover such a relationship, it is not apparent that the showing would create federal jurisdiction. The argument may instead trigger *Smallwood II*'s common-defense rule.

In *Smallwood II*, the non-resident defendant removed the case to federal court, arguing that the plaintiff's claims against the resident defendant were preempted by federal law. The district court agreed, found the resident defendant improperly joined based on the preemption defense, dismissed the resident defendant, and accepted federal diversity jurisdiction. 385 F.3d at 572. The court then granted the non-resident defendant summary judgment on the basis of the same preemption defense that gave rise to jurisdiction. *Id.* The Fifth Circuit reversed and remanded with instructions that the district court remand the case to state court, explaining that

4

"[w]hen the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing [for improper joinder] has not been made." *Id.* at 575; *see also id.* at 574 ("[W]hen, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit.").

The Court is aware that a significant body of law has followed *Smallwood II*. It therefore invites the parties to address whether the showing Home Depot hopes to make as to Jones is equally dispositive of the claims against itself. *Id.* If so, then no jurisdiction exists and the requested discovery would be pointless.

III.    Conclusion

Accordingly, Home Depot is given 14 days from the entry of this Order to file a response addressing the *Smallwood II* common-defense issue. Plaintiffs' reply shall be due seven days after Home Depot's response. No further briefing will be allowed unless further ordered by the Court.

**SO ORDERED AND ADJUDGED** this the 19th day of July, 2016.

                                        s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE